**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 26-22377-CV-WILLIAMS**

RICARDO RODRIGUES GOMES,

Petitioner,

v.

WARDEN, KROME NORTH SERVICE PROCESSING CENTER,

Respondent.
_______________________________________/

# ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Ricardo Rodrigues Gomez ("***Petitioner***") (DE 1). Petitioner challenges his continued prolonged detention by immigration officials. (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody with or without a bond hearing. (*Id.* at 7.) For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.[1]

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Brazil who was admitted into the United States at the Miami International Airport as a nonimmigrant visitor on January 2, 2022. (DE 11 at 1 citing (DE 11-1, Ex. A at 1; DE 11-2, Ex. B at 1).) Respondent states, however, Petitioner obtained admission by fraud, presenting a Brazilian passport in the name of

[1] *See* page 6.

Paulo Gomes Junior with a non-immigrant visa in the same name, knowing he was not that individual but Ricardo Rordrigues Gomez. (*Id.* at 1 citing (DE 11-2, Ex. B at 1, 4).)

On March 4, 2025, after the Department of Homeland Security ("***DHS***") encountered Petitioner, he was taken into immigration custody, and removal proceedings were begun. (*Id.* at 2 citing (DE 11-2, Ex. B at 1, 4; DE 11-4, Ex. D at 1).)

On June 25, 2025, at a hearing before an Immigration Judge ("***IJ***"), Petitioner's counsel waived a reading of the notice to appear, conceded proper service, admitted the factual allegations, and conceded Petitioner's removability under § 1182(a)(6)(C)(i). (DE 11 at 2 citing (DE 11-1, Ex. A at 3 ¶ 13).) As a result, the IJ sustained the charge of removability and designated Brazil as the removal country. (*Id.* citing (DE 11-1, Ex. A at 3 ¶ 13).)

On October 10, 2025, the IJ entered an Order finding Petitioner inadmissible under § 212(a)(6)(C)(i) of the INA and granted Petitioner's pre-conclusion voluntary departure and ordered his departure from the United States by December 10, 2025. (DE 11 at 3 citing (DE 11-1, Ex. A at 3 ¶¶ 14–15)); *see also* (DE 11-6, Ex. F at 1–2.) In the order, Petitioner was cautioned that failure to depart by the required date would "result in an alternate order of removal to BRAZIL taking effect immediately." (DE 11-6, Ex. F at 2.) Pursuant to IJ's Order, after unsuccessful attempts were made to locate Petitioner's passport, Petitioner claimed DHS lost the passport—the same passport in someone else's name which Petitioner used to obtain his admission into the United States. (DE 11 at 3 citing (DE 11-1, Ex. A at 3 ¶ 16).) Although ICE initially scheduled Petitioner for a government-arranged removal flight to Brazil, the flight was canceled after it was determined that Petitioner held a voluntary departure order, not a final removal order. (*Id.*

at 3 citing (DE 11-1, Ex. A at 4 ¶ 17).) When Petitioner was unable to depart by the December 10, 2025 deadline, ICE attempted to obtain valid travel documents for Petitioner in his true name. (*Id.* at 3–4 citing (DE 11-1, Ex. A at 4 ¶¶ 18–19).)

Because Petitioner did not depart by the December 10, 2025 deadline, the October 10, 2025 order reverted to a final order of removal, with an effective date of December 11, 2025. (DE 11 at 4 citing (DE 11-1, Ex. A at 5 ¶ 27).)

On February 17, 2026, ICE received travel documents from Brazilian authorities. (*Id.* at 4 citing (DE 11-1, Ex. A at 4 ¶¶ 4 at 20–21).) In March 2026, Petitioner was transferred to the ICE processing center in Louisiana in preparation for removal. (*Id.* at 4 citing (DE 11-5, Ex. E at 1)); *see also* (DE 11-1, Ex. A at 4 ¶ 22.)

On March 10, 2026, after scheduling Petitioner's removal, Petitioner filed a motion to reopen and motion to stay removal with the IJ. (*Id.* at 4 citing (11-1, Ex. A at 4 ¶ 23).) On that same date, the IJ entered an Order granting a stay of removal while the motion to reopen remained pending. (*Id.* at 4 citing (DE 11-7, Ex. G at 1)); *see also* (DE 11-1, Ex. A at 4 ¶ 24.) At the time Respondent filed its Response, the motion to reopen remained pending. (DE 11 at 4.) Review of the EOIR on-line automated case information reveals that, on June 1, 2026, the IJ denied Petitioner's motion to reopen and no appeal has been received by the Bureau of Immigration Appeals ("***BIA***").[2]

Petitioner's order of removal became final on December 11, 2025, after he failed to voluntarily depart the United States. Petitioner has remained in immigration custody since March 4, 2025. (DE 11 at 2.) Petitioner filed this Petition on April 3, 2026. (DE 1

[2] *See* https://acis.eoir.justice.gov/en/caseInformation/.

at 12.) Petitioner now seeks habeas relief, arguing that his continued prolonged detention violates due process and his removal to Brazil is not reasonably foreseeable. (DE 1 at 6–7; DE 12). Alternatively, Petitioner requests that the Court order a bond hearing before an IJ where the Government will be required to prove by clear and convincing evidence that this continued prolonged detention is justified and that his removal is significantly likely in the reasonably foreseeable future. (*Id.*; *Id.*)

In their Response (DE 11) to the Petition (DE 1), Respondent argues Petitioner is subject to a final order of removal and, therefore, mandatory detention is authorized under § 1231. (DE 11 at 7.) Respondent also argues that Petitioner's *Zadvydas* claim is premature. (*Id.* at 8–9.)

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 11.) The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired

at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*" *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final on **December 11, 2025**. *See* 8 U.S.C. § 1231(a). Petitioner has remained in immigration custody since he was taken into custody on **March 4, 2025**. On **April 3, 2026**, approximately four months after the final removal order was entered, the Petition presently before the Court was filed. (DE 1 at 12.) Because Petitioner was inside the six-month presumptive reasonable period at the time he filed the Petition, his continued detention is presumptively reasonable. Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.* The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[3]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition **<u>immediately</u>** seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1050.

---

[3] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. The Court's Order (DE 4) prohibiting Petitioner's removal or transfer from the Southern District of Florida is **LIFTED**.

3. All pending motions not otherwise ruled upon are **DENIED as moot.**

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Ricardo Rodrigues Gomes, *Pro Se***
Alien #216654546
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Address of Record)

**Ricardo Rodrigues Gomes, *Pro Se***
Alien #216654546
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101
(Temporary Address *See* DE 16)

**Carlos Javier Raurell, AUSA**
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
Email: carlos.raurell@usdoj.gov